IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
DIVISION

MATILDA JEAN RENFRO,

    Plaintiff,

v.                                           CASE NO. 1:14-cv-161-RS-GRJ

BRYON CARROLL[1],

    Defendant.
_____/

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and seeks leave to proceed as a pauper. Docs. 1 and 2. Plaintiff has also filed a "motion to extend response time," Doc. 4, seeking a modification of any case deadlines entered due to Plaintiff's travel for job training. Upon due consideration, the Court concludes that leave to proceed as a pauper should be granted. Because no case deadlines have been established in this case, Plaintiff's motion seeking to modify any such deadlines is due to be denied. It is recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

As set forth in the Complaint, Plaintiff was a pretrial detainee who was arrested for an infraction at the Veterans Administration Hospital and transferred to the custody of the United States Marshal on March 28, 2014, for an initial appearance before the

---

[1]Defendant is identified in the Complaint as "Brian Carrol". The Court takes judicial notice that the correct spelling of the Defendant's name is "Bryon Carroll."

undersigned. Plaintiff alleges that a VA officer incorrectly informed officials at the Alachua County Jail, where she was first detained, that she was a "non-female." Plaintiff is a Muslim transgender person who was fully covered in a burqa at the time she was taken into federal custody by Deputy USM Bryon Carroll, the sole defendant in this case. Plaintiff contends that Carroll was "less than professional in his demeanor towards her," and while she was meeting with her attorney Carroll interrupted their conversation several times to inquire about Plaintiff's gender. Plaintiff contends that such inquiries were inappropriate because she had identification documenting that she is female. Plaintiff contends that Carroll's inquiries violated her right to freedom of religion under the First Amendment, to be "safe and secure in her papers, person, and effects," under the Fourth Amendment, and to her right to privacy under the Fourteenth Amendment. Plaintiff seeks a public apology, clarification that her gender should be protected from disclosure, and mediation with the USM to establish protocols to protect the privacy of detainees. Doc. 1.

## Standard of Review

To state a claim for relief that will survive a motion to dismiss or screening by the Court, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed

true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

## Discussion

In *Bivens*, the Supreme Court held that injured plaintiffs can bring a cause of action for damages against individual federal officers based on violations of constitutional rights. *Bivens* involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed *Bivens* actions for violations of other constitutional rights. *See Davis v. Passman*, 442 U.S. 228 (1979) (equal protection component of the Fifth Amendment's Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment's cruel and unusual punishments clause).

Turning first to Plaintiff's alleged Fourth Amendment claim, "[t]he Fourth Amendment prohibits only unreasonable searches." *Bell v. Wolfish*, 441 U.S. 520, 558, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id*. at 559, 99 S.Ct. 1861. The balancing inquiry set

forth in *Bell* "remains the same regardless of how one characterizes the search." *See BNSF Ry. Co. v. Dep't of Transp.*, 566 F.3d 200, 208 (D.C.Cir. 2009). In the particular context of a detention facility, the question of reasonableness requires "balancing the significant and legitimate security interests of the institution against the privacy interest of the inmates." *Bell*, 441 U.S. at 560, 99 S.Ct. 1861. However, an "abusive" search is never reasonable. *Id*. ("on occasion a security guard may conduct the search in an abusive fashion ... such an abuse cannot be condoned").

Plaintiff's allegation that Defendant "inappropriately" inquired about her gender falls far short of establishing that she was subjected to an unreasonable search in violation of the Fourth Amendment. Plaintiff alleges that VA officers misstated her gender to jail officials, and Plaintiff was entirely covered when Defendant took her into custody. Doc. 1. Defendant's inquiry was non-intrusive, was made in the presence of Plaintiff's counsel, and did not involve a disclosure of of Plaintiff's gender to other detainees. The Court has identified no authority suggesting that this type of verbal inquiry, which plainly was relevant to Plaintiff's management by the USM as a pretrial detainee, amounts to a "search" let alone an unreasonable one. *See, e.g., Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465 (2005) (questions and verbal demands that a person sign documents are not themselves searches and seizures that could violate the Fourth Amendment); *United States v. Street*, 614 F.3d 228, 234 (6th Cir. 2010) (asking an individual "if he ha[s] a weapon" or "if he ha[s] anything on him" is not the verbal equivalent of reaching into an individual's pocket or ordering an individual to "empty his pockets").

The Court construes Plaintiff's First Amendment claim as one contending that

Defendant impeded her right to the free exercise of her Muslim faith.  *See* Doc. 1.  In *Ashcroft*, the Supreme Court indicated that they would be reluctant to extend *Bivens* to include an implied remedy under the free exercise clause.   Assuming that Plaintiff's free exercise claim is cognizable in this case, she has failed to allege facts establishing that Defendant's conduct amounted to a violation of her rights.  While prisoners retain First Amendment rights, including the First Amendment right of free exercise of religion, policies or conduct "alleged to infringe constitutional rights [in prison] are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987).  Courts are directed to give respect and deference to the judgment of prison officials even in First Amendment challenges raised within the confines of prison.  *Id*.  The standard of review requires that challenged regulations or conduct be upheld if they are "reasonably related to legitimate penological interests." *Id*. at 350; *Turner v. Safley*, 482 U.S. 78, 84 (1987).

    In this case, it is clear that the USM has a legitimate penological interest in ascertaining the gender of detainees for custodial management purposes, which could include decisions about where a detainee is confined and how searches of the detainee's person should be conducted.  Defendant's questions, as described in the Complaint, were reasonably related to that interest.  Moreover, Plaintiff alleges that she has been "adjudicated as female by the Islamic court decrees," but she does not explain how Defendant's inquiries seeking to confirm her gender in any way implicated such decrees or the practice of her faith.   The Court concludes that Plaintiff has failed to allege any facts showing that her right to the free exercise of her religion was violated

by Defendant.

Plaintiff's final claim asserts that Defendant violated her "right to live [her] life undisturbed" under the Fourteenth Amendment. The Court construes this as a claim that Defendant's questions violated her right to privacy. Constitutionally, prison inmates and detainees have informational privacy rights, although such rights are among those most curtailed by confinement. *Harris v. Thigpen*, 941 F.2d 1495, 1513–15 (11th Cir.1991). Again, conduct that allegedly impinges on a detainee's constitutional rights is valid if it is reasonably related to a legitimate penological interest. *Harris*, 941 F.2d at 1515 (citing *Turner*, 482 U.S. at 85). The allegations of the Complaint do not establish that Plaintiff's privacy rights were violated by Defendant's efforts to confirm her gender while she was in the USM's custody. As stated above, questions seeking to confirm Plaintiff's gender are reasonably related to the USM's responsibility for Plaintiff's custodial management.

Based on the foregoing, the Court finds that, even liberally construed, the facts alleged do not suggest that Plaintiff could amend her complaint to assert a cognizable claim for relief against Defendant. The Court therefore concludes that amendment of the complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to proceed as a pauper, Doc. 2, is **GRANTED.**

2. Plaintiff's motion seeking modification of case deadlines, Doc. 4, is **DENIED.**

It is respectfully **RECOMMENDED** that the Complaint, Doc. 1, be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**  this 6th day of November 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.